UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MICHAEL MAIER,

    Plaintiff,

v.

THE CITY OF FORT LAUDERDALE,
a Florida Municipality,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MAIER ("Mr. Maier" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from THE CITY OF FORT LAUDERDALE ("The City" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

3. Defendant is a municipality that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Fort Lauderdale, Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) had a parent who suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as Director of Information Technology and Chief Security Officer from January 12, 2012, until his termination on November 21, 2019.

8. During his tenure with The City, Mr. Maier was an outstanding employee with nothing but positive reviews in his personnel file.

9. In August of 2019, Mr. Maier applied, and was approved, for intermittent unpaid FMLA leave in order to treat and address his mother's serious health condition.

10. Mr. Maier subsequently utilized unpaid FMLA leave from November 5, 2019, until November 11, 2019, in order to care for his mother and her serious health condition.

11. When Mr. Maier informed his supervisor with The City, City Manager Chris Laugerbloom, that he would be out on those days, Mr. Laugerbloom angrily confronted Mr.

Maier's Business Manager with The City, Valerie Florestal, on Mr. Maier's utilization of unpaid FMLA leave to care for his mother's serious health condition.

12. Defendant's actions in this respect constituted unlawful FMLA interference.

13. On November 21, 2019, less than two (2) weeks after Mr. Maier returned to work from a brief period of intermittent unpaid FMLA leave to care for his mother's serious health condition, Mr. Laugerbloom informed Mr. Maier that The City had decided to terminate his employment, with an effective date of December 31, 2019.

14. Mr. Laugerbloom was unable to offer any cogent reason for The City's adverse employment action against Mr. Maier.

15. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Maier notifying The City of his mother's serious health condition, and in retaliation for Mr. Maier utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

16. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

17. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

18. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

19. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

20. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of what should have been protected FMLA leave.

21. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

22. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

23. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, above.

25. At all times relevant hereto, Plaintiff was protected by the FMLA.

26. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

27. At all times relevant hereto, Defendant interfered with Plaintiff by angrily challenging Mr. Maier's Business Manager about his utilization of FMLA leave, and by refusing to allow Plaintiff to exercise his FMLA rights.

28. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

33. At all times relevant hereto, Defendant retaliated against Plaintiff by discharging him for applying for FMLA leave and for utilizing what should have been FMLA-protected leave.

34. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

35. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

# **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 30th day of July, 2020.

                Respectfully Submitted,

                **/s/ *Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                Alexander Harne, Esq.
                Florida Bar No.: 126932
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*