UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-61544-SMITH/VALLE

MICHAEL MAIER,

    Plaintiff,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Defendant City of Fort Lauderdale's Motion for Costs (ECF No. 49) ("the Motion"). United States District Judge Rodney Smith has referred all motions for fees and costs to the undersigned for appropriate resolution. *See* (ECF No. 14 at 3). Accordingly, the undersigned has reviewed the Motion, Plaintiff's Response (ECF No. 54), Defendant's Reply (ECF No. 55), and is otherwise fully advised on the matter. For the reasons set forth below, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** and that Defendant be awarded **$3,618.30** in costs.

## I. BACKGROUND

In July 2020, Plaintiff Michael Maier filed a two-count complaint against Defendant, alleging interference with (Count 1) and retaliation for (Count 2) Plaintiff's exercise of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* (the "FMLA"). *See* (ECF No. 1). The parties engaged in discovery and pretrial proceedings. Approximately one year later, the Court granted Defendant's motion for summary judgment and entered Final Judgment in favor of Defendant and against Plaintiff. (ECF Nos. 47, 48). The instant Motion followed.

## II.　**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-CV-61514, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011).  "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  The items that may be taxed as costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.  28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted).  Nonetheless, the prevailing party must submit a request for costs that allows the Court to determine what costs were

incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-CV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (citation omitted). The Court has the discretion to award those costs specifically enumerated in § 1920, but the Court may not tax as costs any items not authorized by the statute. *See, e.g., Crawford,* 482 U.S. at 441-42. Additionally, pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum. S.D. Fla. L.R. 7.3(c). Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### III.   DISCUSSION

It is undisputed that, as the prevailing party in this case, Defendant is entitled to costs. Defendant seeks an award of $3,986.70 in taxable costs.[1] *See generally* (ECF No. 49). More specifically, Defendant seeks taxable costs for transcript fees ($3,575.10) and copy fees ($411.60).[2] (ECF No. 107 at 2-3). Plaintiff objects to these amounts and asks the Court to deny the Motion in its entirety, or reduce the amount requested. *See generally*, (ECF No. 54).

####    A.   Deposition Transcripts and Related Costs

Under 28 U.S.C. § 1920, a party is entitled to recover fees for printed or electronically recorded transcripts that were "necessarily obtained for use in the case." *EEOC. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Here, Defendant seeks to recover for the deposition transcripts and related costs of six witnesses: (i) Plaintiff Michael Maier ($969) and related costs ($422.50); (ii) Valerie Florestal ($388.40) and related costs ($50); (iii) Robert Hernandez ($390.10) and related

---

[1] Defendant initially requested $4,661.70, but subsequently withdrew its request for mediation costs ($675). *See* (ECF No. 55 at 3).

[2] To accurately determine total costs incurred, the Court reviewed the underlying invoices and specific amounts listed in each invoice and did not rely on Defendant's itemization at ECF No. 49-1 at 4. The itemization failed to include previous amounts paid ($300.20) for expedited delivery of the deposition transcript of Mr. Lagerbloom. *Compare* (ECF No. 49-1 at 4) *with* (ECF No. 49-1 at 10).

costs ($50); (iv) Linda Short ($418.30) and related costs ($110); (v) Tarlesha Smith ($366.60) and related costs ($50); and (vi) Chris Lagerbloom ($300.20) and related costs ($410.20).[3] (ECF No. 49-1 at 5-10).

Plaintiff generally argues that these costs should be denied in their entirety (or at the very least, reduced) because Defendant has "not offered an explanation or itemization as to the total costs associated with the fees for the deposition transcripts . . . and has failed to provide properly itemized deposition transcript invoices." (ECF No. 54 at 5). Plaintiff further argues that Defendant is not entitled to recover the cost of transcripts that were not "necessarily obtained for use in the case." *Id.* at 2, 4-6. Specifically, Plaintiff argues that Defendant did not use the transcripts of Mr. Lagerbloom, Ms. Florestal, or Ms. Smith in its motion for summary judgment, so that these costs should be totally excluded as not necessarily obtained for use in the case. *Id.* at 6. As to the deposition costs for Plaintiff, Mr. Hernandez, and Ms. Short, Plaintiff objects to additional costs beyond the transcript, such as litigation packages, digital transcripts, condensed transcripts, electronic delivery and handling charges, and processing charges. *Id*. at 2. Each is addressed below.

    1.    *Deposition Transcripts and Associated Costs for Plaintiff, Hernandez, and Short*

Plaintiff concedes that the transcripts for these depositions were necessarily obtained for use in the case. Accordingly, the undersigned finds that the cost for these transcripts is recoverable. Accordingly, Defendant should recover $969 for Plaintiff's transcript, $390.10 for Mr. Hernandez's transcript, and $418.30 for Ms. Short's transcript, totaling $1,777.40.

---

[3] The invoice for Mr. Lagerbloom indicates that Defendant had already paid $300.20 for next day expedited delivery. (ECF No. 49-1 at 10). As discussed above, Defendant's itemization failed to include this previously paid amount and only reflected the remaining balance on the invoice. *Compare* (ECF No. 49-1 at 4) (listing costs of $410.20) *with* (ECF No. 49-1 at 10) (listing all costs as $685.40 with a reduction for previously paid amount). Accordingly, the undersigned's calculation of costs incurred (based on the detailed invoices) is greater than Defendant's itemization at ECF No. 49-1 at 4.

Nevertheless, Plaintiff challenges the necessity of certain costs associated with these transcripts including, for example, handling and delivery charges, fees for litigation packages, condensed transcripts, and digital transcripts. (ECF No. 54 at 5-6). As to the invoice for Plaintiff's deposition, counsel objects to charges for "Litigation Package" ($48) and "Electronic Delivery and Handling" ($14.50).[4] (ECF No. 49-1 at 5). Defendant does not explain the reasonableness or necessity of these charges. Therefore, in the absence of any explanation, the undersigned finds that these costs should be deducted from the cost award, as they appear to have been incurred for counsel's convenience. *Brady v. Carnival Corp.,* No. 19-CV-22989, 2021 WL 1988524, at *5 (S.D. Fla. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1998316 (S.D. Fla. May 19, 2021) (denying costs of expedited or immediate delivery, color exhibits, and litigation packages incurred merely for counsel's convenience). Accordingly, Defendant should recover the costs of Plaintiff's deposition ($969) and nothing for litigation package or delivery/handling charges.

Nevertheless, the undersigned reaches a different conclusion regarding similar charges associated with the transcripts for Mr. Hernandez and Ms. Short. More specifically, the invoice for Mr. Hernandez's deposition includes charges for a "Condensed Transcript" and "Processing & Compliance," totaling $50. (ECF No. 49-1 at 7). Similarly, the invoice for Ms. Short's deposition reflects charges for "Condensed Transcript," "Digital Transcript," and "Processing and Compliance," totaling $85. *Id*. at 8. Although such costs are usually not taxable because they are incurred for the convenience of counsel, Defendant asserts that these were "non-discretionary charges, which Plaintiff's selected court reporter charged Defendant for the copies of the depositions . . . taken by Plaintiff." (ECF No. 55 at 2-3). Under such circumstances, Defendant should not have to bear an expense that it did not affirmatively incur. *Matamoros v. Broward Sheriff's Office,* No. 18-CV-

---

[4] Plaintiff also objects to "court reporter fees," which presumably references the "Attendance Fee" ($360) for his own deposition. *See* (ECF No. 54 at 5). That item is discussed separately below. *See infra* Section III.C.

628813, 2022 WL 484828, at *4 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 4798883 (S.D. Fla. Feb. 16, 2022); *see also Licausi v. Symantec Corp.*, No. 08-CV-60544, 2009 WL 3177566, at *4 (S.D. Fla. Sept. 29, 2009) (finding that defendant could tax cost of expedited deposition transcript because it did not affirmatively choose to incur the expense). As these fees were dictated by the court reporter that Plaintiff hired, Defendant had no choice but to pay the fees to obtain the transcripts. Accordingly, Defendant should recover $135 for the costs associated with the deposition transcripts of Mr. Hernandez and Ms. Short.

    2. *Deposition Transcripts and Associated Costs for Lagerbloom, Florestal, and Smith*

  Next, Plaintiff argues that the costs for the transcripts of Mr. Lagerbloom, Ms. Florestal, and Ms. Smith are not recoverable because Defendant did not directly use these transcripts in its motion for summary judgment, so that they were not necessarily obtained for use in the case. (ECF No. 54 at 6). As noted above, "[t]he question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition is wholly or partially 'necessarily obtained for use in the case.'" *W&O*, 213 F.3d at 620-21 (citation omitted). For costs to be taxable, however, actual use of the deposition transcript at trial is unnecessary and a court may tax costs associated with a deposition used in support of a motion for summary judgment. *Id.* at 621; *see also Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-CV-60528, 2016 WL 11547976, at *5 (S.D. Fla. Jan. 13, 2016) (finding that depositions relied upon for summary judgment are taxable), *report and recommendation adopted*, 2016 WL 11547727 (S.D. Fla. Feb. 11 2016); *W&O, Inc.*, 213 F.3d at 621 (finding that taxation of deposition costs of witnesses on the losing party's witness list was reasonable). Nonetheless, "when deposition costs are 'merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-CV-61403, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014).

Here, Defendant explains that although it did not use these transcripts directly in its motion for summary judgment, the transcripts were necessarily used in other ways. (ECF No. 55 at 1-2). For example, Plaintiff filed the deposition transcript of Mr. Lagerbloom with his response to Defendant's statement of undisputed facts. *See* (ECF No. 30-2). Further, Ms. Florestal and Mr. Lagerbloom were both referenced by name in the Complaint and in the Court's Order on Motion for Summary Judgment. *See* (ECF Nos. 1 ¶ 11, 48 at 6). Moreover, Plaintiff's Affidavit in opposition to summary judgment includes multiple references to the Human Resources Department, which Ms. Smith supervised in her capacity as Assistant City Manager. (ECF No. 42-1); *see also* (ECF No. 55 at 2). Against this background, the undersigned concludes that these depositions were necessarily obtained for use in the case and the related costs are recoverable. Accordingly, Defendant should recover the transcript costs for Mr. Lagerbloom ($300), Ms. Florestal ($388.40), and Ms. Smith ($366.60), totaling $1,055.

In addition, and for the same reasons discussed above regarding the associated expenses for the depositions of Mr. Hernandez and Ms. Short, Defendant should also recover a $185 in expenses associated with the depositions of Mr. Lagerbloom, Ms. Florestal and Ms. Smith, which Plaintiff's court reporter unilaterally charged Defendant.[5] Defendant should not have to bear an expense that it did not affirmatively incur. *Matamoros,* 2022 WL 484828, at *4. Conversely, without any explanation from Defendant to support a $300 fee for a "next day expedited" transcript of Mr. Lagerbloom's deposition, *see* (ECF No. 49-1 at 10), that expense should be denied. *Brady*, 2021 WL 1988524, at *4 (denying costs of expedited or immediate delivery).

---

[5] These expenses consist of: (i) "Condensed Transcript" and "Processing & Compliance ($50 each for Ms. Smith and Ms. Forrestal);" and (ii) "Condensed Transcript," "Digital Transcript," and "Processing & Compliance" ($85 for Mr. Lagerbloom). (ECF No. 49-1 at 6, 9, 10).

### B.     Fees for Exemplification and the Cost of Making Copies

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). The prevailing party cannot make unsubstantiated claims that copies of the documents were necessary. *See Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (denying photocopying charges where party provided no explanation for the copies); *Ferguson*, 2007 WL 601921, at *6 (copies of payments to copy service companies without explanation of underlying charge were not taxable). Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Monelus*, 609 F. Supp. 2d at 1335. Thus, the prevailing party bears the burden of submitting a request for expenses that enables the Court to determine what expenses were incurred and whether the party is entitled to them. *Compare Monelus,* 609 F. Supp. 2d at 1335-36 (recommending an award for copying costs where defendant provided detail and explanation for the copies made) *with Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying charges where the court had no way of knowing whether the photocopying rates were reasonable or even whether they were related to the action).

Defendant seeks to recover $411.60 in copying costs, at .15 cents per page. (ECF No. 49-1 at 4, 11). In its Reply, Defendant explains that this sum includes copies of exhibits used during the six depositions and subsequent printing of the electronic deposition transcripts "in preparation for the summary judgment motion and for use in the case." (ECF No. 59 at 3). According to Defendant, the depositions and exhibits "constitute approximately 706 pages [at] 15 cents a copy." *Id*. This equates to roughly $105.90 (706 pages x .15). Except for this category of documents, Defendant offers no explanation for the necessity or use of the remaining copies. *Id*. Indeed, other than its conclusory statement that "Section 1920(4) [allows the prevailing party to] recover costs for photocopies

necessarily obtained for the case, including copies attributable to discovery, documents tendered to opposing party[,] and documents prepared for the court's consideration," Defendant does not address the remaining copies. Consequently, the undersigned is unable to determine whether the remaining copies were necessarily obtained for use in the case and whether the charges are reasonable. Accordingly, Defendant should only recover $105.90 for copying costs.

### C. Court Reporter Attendance Fees

In connection with Plaintiff's deposition, the court reporter charged attendance fees (totaling $360). (ECF No. 49-1 at 5). Without citing to supporting case law, Plaintiff objects to Defendant's recovery of these fees. (ECF No. 54 at 5). The undersigned finds, however, that court reporter attendance fees are recoverable under 28 U.S.C. § 1920(2). *Magaldi v. Safeco Ins. Co.*, No. 07-CV-80618, 2009 WL 1851102, *5 (S.D. Fla. June 29, 2009); *Whittier v. City of Sunrise,* No. 07-CV-60476, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (allowing reimbursement of transcript and stenographer's attendance fee). Indeed, courts have recognized that court reporter attendance fees are properly taxable as costs because it is necessary for the court reporter to appear and record the testimony, and subsequently prepare the deposition transcript. *See, e.g.*, *Frank v. Paddy's Inheritance, Inc.*, No. 14-CV-61312, 2015 WL 7720568, *2 (S.D. Fla. Nov. 30, 2015). Consequently, Defendant should recover $360 for the court reporter's attendance at Plaintiff's deposition.

### D. Summary of Recommended Costs

The table below summarizes the costs that Defendant should be awarded:

| Costs for Deposition Transcripts | $3,152.40 |
|---|---|
| Costs of Copies | $105.90 |
| Court Reporter Attedance Fees | $360 |
| **Total Recommended Award** | **$3,618.30** |

## IV.    RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that Defendant's Motion for Costs (ECF No. 49) be **GRANTED IN PART AND DENIED IN PART**.  Defendant should be awarded a total of **$3,168.30** in costs.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).w

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 18, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record